## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ELISE CUNANAN and<br>JOHN CUNANAN, Husband and Wife, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. CIV-23-540-R |
| STATE FARM FIRE AND CASUALTY<br>COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

This action arises from State Farm's adjustment of an insurance claim for storm damage to Plaintiffs' roof. Plaintiffs filed suit in the District Court of Cleveland County alleging that State Farm failed to pay the full amount due under the policy and breached the duty of good faith and fair dealing. After receiving Plaintiffs' discovery responses, State Farm removed the action to this Court on the basis of diversity jurisdiction. Now before the Court is Plaintiffs' Motion to Remand [Doc. No. 6] contending that the amount in controversy does not satisfy the jurisdictional requirement and the removal was untimely. The matter is fully briefed [Doc. Nos. 7, 8] and at issue.

## I.     Amount in Controversy

Under 28 U.S.C. § 1332(a), federal courts have subject-matter jurisdiction over controversies between diverse citizens where the amount in controversy exceeds $75,000, exclusive of interests and costs. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the

notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995), *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014); *see also Chen v. Dillard Store Servs., Inc.,* 579 F. App'x 618, 620–21 (10th Cir. 2014). A defendant invoking federal jurisdiction "'must affirmatively establish jurisdiction by proving jurisdictional facts' that make it 'possible' an excess of $75,000 is 'in play.'" *Phelps Oil & Gas, LLC v. Noble Energy Inc*., 5 F.4th 1122, 1126 (10th Cir. 2021) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)). The jurisdictional facts "must be proven by a preponderance" of the evidence. *McPhail*, 529 F.3d at 955. "[O]nce those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake." *Id.* at 954.

Here, the Petition prays for contractual damages, bad faith damages, interest, costs, and attorneys' fees. Petition [Doc. No. 1-4] p. 8. Immediately following the breach of contract allegations, the Petition states "[a]s a result of State Farm's breach of contract and other wrongful conduct, Plaintiffs have been damaged in an amount less than $75,000." Then, immediately following the bad faith allegations, the Petition states "[a]s a result of State Farm's conduct, Plaintiffs have sustained financial losses and have been damaged in an amount less than $75,000." *Id.* at ¶¶ 36, 49. Finding these allegations less than clear, Defendant sought clarification as to whether Plaintiffs were demanding less than $75,000 on each claim but potentially a combined amount exceeding $75,000, or total damages in an amount less than $75,000. Plaintiffs responded by stating that "we have alleged contract and bad faith damages less than $75,000" and, based on a prior settlement demand and replacement cost value, "believe state court has proper jurisdiction." Pl. Ex. 3 [Doc. No. 6-

3] at 1. Defendant (quite understandably) took this response to mean that Plaintiffs were seeking total damages of less than $75,000. *Id.*

Defendant subsequently issued a discovery request asking Plaintiffs to admit that their joint damages, inclusive of contractual damages, tort damages, fees, costs, and interest, did not exceed $75,000. Notice of Removal, Ex. 15 [Doc. No. 1-15] at 3. Plaintiffs denied the request as worded and only admitted that "they seek contractual damages of less than $75,000." *Id.* Plaintiffs additionally responded in discovery that they seek $25,440.91 in contract-based damages (less the applicable deductible and prior payments), interest, attorneys' fees, consequential damages from hiring a public adjuster, and damages for bad faith. *Id.* at 12-13.

Defendant contends that Plaintiffs' claims and their evasive discovery responses establish that the jurisdictional amount is satisfied. Plaintiffs counter that Defendant has failed to establish the necessary jurisdictional facts by a preponderance of the evidence and Plaintiffs' initial settlement demand in an amount less than $75,000 is the better evidence of the amount in controversy.

In the Court's view, the only fair inference to be drawn from Plaintiffs' discovery responses is that they believe there is a possibility that their total damages could exceed $75,000. Plaintiffs' counsel initially represented that both the contract and bad faith damages are less than $75,000, but when pressed in discovery, they were willing to admit only that their contract damages are less than $75,000. Although a refusal to stipulate to the amount in controversy "is not dispositive evidence that the amount in controversy exceeds the jurisdictional amount, it lends some support to defendant's argument that the

amount in controversy requirement is satisfied." *Lindley v. Life Invs. Ins. Co. of Am.*, No. 08-CV-0379, 2008 WL 4525423, at *5 (N.D. Okla. Oct. 2, 2008). Indeed, as explained in *Tarver v. Hartford Life Ins. Co*., No. CIV-09-1044-HE, 2009 WL 10671535, at *1 (W.D. Okla. Dec. 23, 2009),

> The plaintiff's gamesmanship does not alter the inferences reasonably drawn from her conduct. A plaintiff can avoid being forced to litigate a modest claim in federal court by stipulating that she is not seeking damages in excess of the jurisdictional amount. *Workman v. United Parcel Service, Inc*., 234 F.3d 998,1000 (7th Cir. 2000). "If [s]he doesn't make such a stipulation, the inference arises that [s]he thinks [her] claim may be worth more." *Id*. Under the circumstances present here, concluding that Hartford has met its burden of establishing the jurisdictional amount "is only fair. [The plaintiff] cannot benefit by playing a cat-and-mouse game, purporting to disclaim damages in excess of $75,000, but refusing to admit or stipulate that her damages will not exceed that amount." *Oshana v. Coca-Cola Co*., 472 F.3d 506, 512 (7th Cir. 2006).

(alterations in *Tarver*). At minimum, Plaintiffs' evolving position on damages and refusal to stipulate that their total damages are less than $75,000 suggests that the amount in controversy is uncertain. Under Tenth Circuit precedent "[i]f the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954.

Additionally, although Plaintiffs' claim for contractual damages is below the jurisdictional amount, their request for compensatory damages related to the bad faith claim and attorneys' fees[1] – sufficiently supported by factual allegations in their Petition – makes

---

[1] "Reasonable attorney's fees may be used in the calculation when a party has a statutory right to recover such fees." *Wood v. Stuart C. Irby Co.*, No. CIV-22-387-SLP, 2022 WL 18585770, at *1 (W.D. Okla. Aug. 30, 2022). Here, attorneys' fees are authorized by Okla. Stat. tit. 36, § 3629.

it possible that a combined amount in excess of $75,000 is at play.[2] *See McPhail*, 529 F.3d at 955-56 ("A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal.").

Given the allegations in the Petition, the nature of the damages sought, and Plaintiffs' refusal to admit that their total damages are less than $75,000, the Court concludes that Defendant has met its burden of establishing jurisdictional facts demonstrating that the amount in controversy may exceed $75,000. Plaintiff's initial settlement demand for less than the jurisdictional amount is certainly relevant evidence of the amount in controversy but does not allow the Court to conclude to a legal certainty that less than $75,000 is at issue. *See Ragon v. Aetna, Inc*., No. CIV-10-831-C, 2010 WL 5091028, at *2 (W.D. Okla. Dec. 7, 2010) ("Despite Plaintiff's $50,000 settlement offer, her later admission that this settlement would not cover 100% of her damages, her unwillingness to concede the amount of damages sought, and the aggregate claims sought by Plaintiff combine to sufficiently establish a factual basis on which to establish that it is possible more than $75,000 is at play.").

## II.    Timeliness

Under 28 U.S.C. § 1446(b)(1), a notice of removal "shall be filed within 30 days after the receipt by the defendant,…of a copy of the initial pleading." However, "if the case

---

[2] The Petition also includes factual allegations that could support a claim for punitive damages, although the Petition does not expressly request punitive damages. *See* Pet. ¶¶ 47, 48. In their motion to remand, Plaintiffs state that they "have not asserted entitlement to punitive damages." Pls. Br. at 15. Accordingly, the Court does not factor punitive damages into the amount in controversy.

stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant,…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* at § 1446(b)(3). The Tenth Circuit is "very strict in assessing whether the grounds for removal are ascertainable" and requires "a specific allegation that damages exceed the federal jurisdictional amount of $75,000." *Paros Properties LLC v. Colorado Cas. Ins. Co*., 835 F.3d 1264, 1269 (10th Cir. 2016). "The 30-day clock does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." *Id.*

As previously noted, Plaintiffs' Petition pleads that its damages for breach of contract and bad faith are each separately less than $75,000, but does not provide clear and unequivocal notice that the total amount exceeds the threshold. Further, Plaintiffs' subsequent communications with Defendant appeared to clarify that they were not seeking total damages in excess of the $75,000. Given Plaintiffs' ambiguous pleading and their initial representations regarding the amount in controversy, Defendant could not have reasonably ascertained that the case was removable until it received Plaintiffs' discovery responses, which admitted only that their contract damages were below $75,000. Defendant filed its notice of removal within thirty days of receiving these responses and the removal is therefore timely.

Accordingly, for the reasons explained above, Plaintiffs' Motion to Remand [Doc. No. 6] is DENIED.

IT IS SO ORDERED this 29th day of August 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE